UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD WATSON | : |
| | :    No. 2:21-CV-4461 |
| v. | : |
| | :    **JURY TRIAL DEMAND** |
| GENERATION METAL TECHNOLOGIES, : | |
| INC. and GENERATION METAL | : |
| STAMPING & MACHINERY, INC. | : |

**CIVIL ACTION COMPLAINT**

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This matter has federal jurisdiction pursuant to the Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981, et seq. (hereinafter "Section 1981").

PARTIES

2. Plaintiff Ronald Watson, an adult Black person, resides at 1500 E. Washington Lane, Philadelphia, PA 19138.

3. Defendant, Generation Metal Technologies, Inc. (hereinafter "Generation 1") is a corporation with a place of business located at 1817 Second Street, Trevose, PA 19053.

4. Defendant, Generation Metal Stamping & Machining, Inc. (hereinafter "Generation 2") is a corporation with a place of business located at 7 Colby Lane, Langhorne, PA 19047.

5. On or about April 9, 2018, plaintiff commenced Employment with defendants as a Die Setter/Press Operator.

6. Defendants employed plaintiff either individually and/or jointly.

7. Plaintiff was qualified for the position of Die Setter/Press Operator.

8. During his employment, plaintiff was the only African American Die Setter/Press Operator employed by defendants.

9. The other three similarly situated Die Setters/Press Operators were White.

10. During the course of plaintiff's employment with defendants, defendant's agents treated him less favorably than his similarly situated White coworkers.

11. Plaintiff's supervisors included defendants' agents Dale Leshere (White Manager), and Michael Bloschichak (White Owner).

12. In about April 2019, Defendants hired Thomas Kaupp (White) as a shipping and receiving worker.

13. Starting in about June/July 2019, Mr. Kaupp started training to use plaintiff's drill press.

14. Mr. Leshere and Mr. Bloschichak would come over and ask plaintiff to step aside so Mr. Kaupp could do some work on his drill press.

15. On or about October 16, 2019, plaintiff was on his break at 1:55 P.M., when Mr. Bloschichak falsely accused him of talking too loudly.

16. Mr. Bloschichak began yelling at plaintiff "in his face."

17. Plaintiff was not talking at all during work and he never talks to the other workers.

18. Additionally, Mr. Bloschiak's office is so far away from plaintiff's press, there is no way he could have heard plaintiff speaking—softly or loudly.

19. Mr. Bloschichak's false accusation and the way he was getting in plaintiff's face was so upsetting to plaintiff, plaintiff was shaken, and he thereafter asked Mr. Leshere if he could leave early for the day because he was unable to concentrate.

20. Previous to October 16, 2019, plaintiff and his White co-workers and had often left the workplace early without incident so long as they got permission from Mr. Leshere.

21. Plaintiff approached Mr. Leshere and informed him that he wanted to leave early that day because he was too upset to work and that he would return to the workplace the next morning, and Mr. Leshere granted plaintiff's request to leave early as he usually did and he said: "See you tomorrow."

22. The following day, October 17, 2019, plaintiff returned to work and Mr. Bloschichak accused plaintiff of walking out on the job the prior day without permission, and he insisted that plaintiff sign a write-up confirming that he left early that day without permission.

23. Plaintiff refused to sign the said write-up and told Mr. Bloschichak that he had permission to leave from Mr. Leshere.

24. Mr. Bloschichak terminated plaintiff's employment after he refused to sign the write up.

25. Defendants replaced plaintiff (Black) with Mr. Kaupp (White).

26. After plaintiff's termination, Defendants retained only White Die Setter/Press Operators.

27. Defendants acted by and through its agents who had authority to terminate the employment of plaintiff.

28. Plaintiff was unlawfully terminated by defendants in violation of Section 1981, because he was Black.

29. The proffered reason given by Defendants for Plaintiff's termination was false and mere pretext designed to mask the true reason for Plaintiff's termination.

30. The true reason why Defendants terminated Plaintiff was because he was Black, in that Defendants wanted to replace him with a White worker.

31. As a direct result of his unlawful termination, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost benefits and other financial losses.

32. Plaintiff has engaged and will in the future engage in great efforts to mitigate his damages by searching for new employment, but he has to date and may in the future be unsuccessful in his efforts to find equivalent employment.

33. Plaintiff also is entitled to recover damages for emotional pain and suffering that he suffered as a direct result of his discriminatory treatment by defendants as set forth herein and the consequences of said treatment.

34. Plaintiff is entitled to recover punitive damages because he was terminated with malice and/or without regard for plaintiff's civil rights.

35. Plaintiff is entitled to recover reasonable attorneys' fees and costs associated with the prosecution of this lawsuit.

36. Plaintiff is entitled to reinstatement of his employment.

## COUNT 1—
## SECTION 1981—RACIAL DISCRIMINATION

37. Plaintiff repeats paragraphs 1-36 as if more fully set forth herein.

38. By and through its conduct and the conduct of its agents, Defendants violated Section 1981 by intentionally terminating plaintiff because he is Black.

39. Plaintiff seeks damages caused by the loss of his job and other relief noted herein above.

WHEREFORE, plaintiff demands that judgment be entered in his favor and against defendants, either individually, jointly or severally, for lost pay and other financial losses, emotional pain and suffering, punitive damages, reasonable attorneys' fees

and court costs, and any other relief that this Honorable Court deems to be fair and proper.

/s/ *Richard B. Bateman, Jr.*
Richard B. Bateman, Jr, Esq.
21 West Second Street
Suite 300
Media, PA 19063
610.566.3322 Office
610.548.9986 Fax
Email: rbateman@batemanlawoffice.com
Attorney for Plaintiff